BERYL TOBIAS v. STATE.

No. A-4898. Opinion Filed July 18, 1925.
(238 Pac. 227.)

H. J. Sturgis, for plaintiff in error.

The Attorney General and G. B. Fulton, Asst. Atty. Gen., for the State.

BESSEY, P. J. Plaintiff in error, defendant in the trial court, raises but one question in this appeal. He urges that the evidence is insufficient to support the verdict.

The evidence shows that the defendant owned and operated a 320-acre farm about 6 miles from Enid; that his house and farm buildings were located about 300 yards from the intersection of two public highways at the corner of his farm, and that lanes led from these highways to the buildings; that there were about 5 acres in orchard within the confines of these two lanes and the highways.

Peace officers, acting under authority of a search warrant, found a trench in this orchard, about midway between the house and the highways, in which were two empty jugs and two 2-gallon jugs of corn whisky; this trench was covered with leaves, straw, and dirt. In the barn, covered with hay and chaff, they found other vessels similar to those found in the orchard. In the garage or toolhouse they found a rubber tube, which they claimed gave off the odor of whisky. In a fence corner near the granary they found another hole or trench, about 2½ feet deep, covered with a board and a flat stone; this trench contained nothing. In the barn, next to the concrete foundation, at a place where the hay was thrown down from

the loft above, they found another hole or trench; this hole was full of chaff and hay.

The defendant denied all knowledge of the trench in the orchard and of the whisky and containers therein found, and denied knowledge of the holes or trenches at the granary and in the barn. The defendant introduced six character witnesses, neighbors who stated that they had known the defendant for years—some of them all of his life—and that his reputation for being a law-abiding, industrious citizen was good; that his reputation for truthfulness was good; that he was not a drinking man himself; and that they had never known of his being connected with or accused of illicit liquor transactions before. The defendant offered to introduce yet other character witnesses, and the state admitted that his character had hitherto been good.

On the evidence introduced, the jury found the defendant guilty, and assessed his punishment at confinement in the county jail for a period of 6 months and a fine of $500.

In consideration of the evidence as above outlined, in connection with some other circumstances not related, this court holds that the evidence was sufficient to support the verdict of guilty. We think, however, that the defendant's veracity, good character, and industrious habits are worthy of serious consideration, which, in connection with the fact that the defendant had never before been convicted or even accused of a public offense, leads us to hold that the punishment in this case should be modified to confinement in the county jail for a period of 30 days and to pay a fine of $50. Good character and a clean record ought to be worth something to every citizen, including a defendant on trial for a first offense.

The punishment is therefore modified as above stated, and the judgment as so modified is affirmed.

DOYLE and EDWARDS, JJ., concur.